**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ZHONG LI, | No. 09-73007 |
| Petitioner, | Agency No. A096-063-340 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 17, 2012[**]

Before:     SCHROEDER, THOMAS, and SILVERMAN, Circuit Judges.

Zhong Li, a native and citizen of China, petitions for review of the Board of

Immigration Appeals' (BIA") order dismissing his appeal from an immigration

judge's ("IJ") decision denying his application for asylum, withholding of removal,

and protection under the Convention Against Torture ("CAT").  We review for

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

substantial evidence factual findings. *Don v. Gonzales*, 476 F.3d 738, 741 (9th Cir. 2007). Our jurisdiction is governed by 8 U.S.C. § 1252. We dismiss in part and deny in part the petition for review.

We decline to consider the new evidence Li attaches to his opening brief because our review is limited to the administrative record underlying the IJ's decision. *See Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (en banc).

We lack jurisdiction to consider the agency's time-bar finding because the facts concerning Li's entry into the United States are disputed. *See Ramadan v. Gonzales*, 479 F.3d 646, 648-54 (9th Cir. 2007). We also lack jurisdiction to review Li's contentions regarding a pattern or practice of persecution against Christians in underground churches, his violation of China's exit laws, and his conduct outside China because Li did not raise these issues to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

Substantial evidence supports the agency's adverse credibility finding based on inconsistent testimony regarding whether Li was physically mistreated during his third interrogation. *See Pal v. INS*, 204 F.3d 935, 939-40 (9th Cir. 2000) (adverse credibility finding supported where inconsistencies between testimony and application regarding injuries received during assaults went to heart of claim). Accordingly, in the absence of credible testimony, we deny the petition as to Li's

withholding of removal claim. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Finally, we reject Li's CAT claim because it is based on the same statements the agency found not credible, and the record does not otherwise compel a finding it is more likely than not Li would be tortured by or with the acquiescence of the government if returned to China. *See id.* at 1156-57.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**