NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| ZHONG LI,<br><br>            Petitioner,<br><br>  v.<br><br>ROBERT M. WILKINSON, Acting<br>Attorney General,<br><br>            Respondent. | No.   15-70901<br><br>Agency No. A096-063-340<br><br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 17, 2021**

Before: GRABER, FRIEDLAND, and BENNETT, Circuit Judges.

Zhong Li, a native and citizen of China, petitions for review of the Board of

Immigration Appeals' ("BIA") order denying his motion to reopen proceedings.

We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the

---

     * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     ** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

denial of a motion to reopen, *Cano-Merida v. INS*, 311 F.3d 960, 964 (9th Cir. 2002), and deny the petition for review.

The BIA did not abuse its discretion in concluding that Li failed to establish a prima facie case for the relief and protection he sought and that he failed to establish that he qualified for the exception to the filing deadline for motions to reopen by introducing previously unavailable, material evidence. 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii); *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010); *see also Li v. Holder*, 475 F. App'x 197 (9th Cir. 2012) (denying in part and dismissing in part Li's previous petition for review).

Li argues that he submitted evidence that establishes changed circumstances in China with regard to the persecution and torture of Christians since his hearing. As the BIA noted, however, Li's evidence indicates that the mistreatment of some church members by the Chinese government has been an ongoing problem, including at the time of Li's hearing in 2004. The BIA's weighing of the evidence presented was not "arbitrary, irrational, or contrary to law." *Bhasin v. Gonzales*, 423 F.3d 977, 983 (9th Cir. 2005) (internal quotation marks omitted); *see Sowe v. Mukasey*, 538 F.3d 1281, 1286 (9th Cir. 2008) (stating this court was not in a position to second-guess the agency's rational construction of an ambiguous or somewhat contradictory country report); *see also Najmabadi*, 597 F.3d at 987–90 (evidence must be "qualitatively different" to warrant reopening). Additionally,

the personal evidence presented by Li, including his temporary church membership card and the letter from his father in China, does not compel the conclusion that conditions have materially worsened for Christians since his hearing or that he established prima facie eligibility for relief and protection.

The record also does not support Li's assertion that the agency failed to consider relevant country-conditions evidence or otherwise failed to adequately review and consider the evidence presented. Although the BIA in considering a motion to reopen proceedings must consider the alien's evidence of changed country conditions, "it need not expressly refute on the record every single piece of evidence." *Feng Gui Lin v. Holder,* 588 F.3d 981, 987 (9th Cir. 2009).

As stated in the court's May 29, 2015 order, the temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**